EMPLOYEES' RETIREMENT SYSTEM OF THE
VIRGIN ISLANDS, Plaintiff

v.

CARLOS M. VAZQUEZ and ABIGAIL VAZQUEZ a/k/a MARIA
ABIGAIL JIMENEZ BERENS MORTGAGE BANKERS, INC.,
Defendants

Civil No. 485/1979

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

November 15, 1979

ROBERT L. KING, ESQ., St. Thomas, V.I., *for plaintiff*

ROGER L. CAMPBELL, St. Thomas, V.I., *for defendants*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This matter came on before me on a motion to transfer made by the attorney for the defendant cross-claimant Berens Mortgage Bankers, Inc. (hereinafter "Berens").

Berens asserts that its cross-claim against the defendants Carlos and Abigail Vazquez involves a mortgage foreclosure, the amount of which exceeds the jurisdiction of this court. It relies on 4 V.I.C. § 32(c) as authority for the transfer of the action by this court to the District Court.

I cannot agree that this court has the authority to make such a transfer. Indeed, my analysis of the authority

granted to this court by the provisions of Act No. 3876 (commonly known as the Territorial Court Act) and the effect of that Act upon the pertinent sections of Chapter 3 of Title 4 of the Virgin Islands Code leads me to a contrary conclusion.

The transfer authority as laid out in Chapter 3 of Title 4 of the V.I. Code was contained in several subsections of section 32. That authority has been dealt with, however, in the Territorial Court Act in a single section, namely, 4 V.I. Code section 77, as amended.

Section 77, as amended, specifically provides that any case originally filed in the Territorial Court shall be tried and concluded in the Territorial Court *unless a District Judge transfers it.* It further provides that a *District Judge may transfer Territorial Court cases* to the District Court in the interest of justice upon the *application of any party.*[1] It is clear then that the Legislature in enacting Act No. 3876 recognized and considered the need for the transfer process, and in so doing has legislated the entire subject matter of transfer in Act No. 3876, to the exclusion of and in contradiction of section 32 of Title 4 of the Code.

As Judge Boreman said for the U.S. Court of Appeals for the Fourth Circuit, in United States v. Lovely, 319 F.2d 673 (1963)

It is a universally accepted rule of statutory construction that where a later act purports to cover the whole subject covered by an earlier act, embraces new provisions, and plainly shows that it was intended not only as a substitute for the earlier act but also to cover the whole subject involved and to prescribe the only rules with respect thereto, the later act operated as a repeal of the earlier act even though it makes no reference to the earlier act.

I am convinced that although repealer by implication is not favored in the law, it is equally well settled that a later statute repeals a former one with which it is clearly

[1] See also § 22 Revised Organic Act of 1954.

inconsistent. United States v. Borden Co., et al., 308 U.S. 188, 60 S.Ct. 182, 84 L.Ed. 181 (1939).

 I hold subsection (c) of section 32 of Title 4 of the Virgin Islands Code to have been repealed by implication, leaving as the applicable transfer statute only section 77 of Title 4 of the Virgin Islands Code. Accordingly, because of the lack of jurisdiction of this court to effect a transfer of the subject case to the District Court, Berens' motion will be denied with leave granted, however, to file its motion in the District Court of the Virgin Islands if it seeks to pursue a transfer of the case.

## ORDER

In accordance with the foregoing Memorandum Opinion, and for the reasons therein stated, it is

ORDERED, ADJUDGED AND DECREED that the motion to transfer the above-entitled matter to the District Court of the Virgin Islands be and the same is hereby denied.

